ADDISON B. HALL et al., Executors, etc., Appellants, *v.* ANNIE HALL et al., Respondents.

A person is not entitled to receive commissions both as executor and as trustee upon the same fund for the same time.

The will of H. devised his real estate in B., subject to a power of sale given to his executors; his residuary estate he gave to his executors and trustees, " the survivors and survivor of them and the successors and successor of them in trust," to convert into money, invest and hold for the purposes of certain trusts specified. The executors exercised the power of sale as to the real estate in B., invested, and held the proceeds. They had an accounting on which they were allowed full commissions as executors. In subsequent proceedings for a final accounting as executors a decree was made directing them to pay over to one of the legatees her share of the estate. There had been no separation of this share from the general fund in the hands of the executors. The executors were allowed commissions only on the amount of income collected since the last accounting. *Held,* no error; that they were not entitled to full commissions as trustees on the amount paid such legatee; that from the language of the will it did not appear that the testator contemplated a trust that would attach to the persons

of the executors, or intended the execution of it in the character of trustees rather than executors; and, as the payment was not of a separate fund held as such, but of an amount due the legatee from the general fund in the hands of the executors, there was no such holding of it as trustees as to entitle them to commissions in both capacities.

¶Also, *held*, that the provision of the statute in reference to trustees appointed by will (chap. 115, Laws of 1866), allowing them the same commissions as executors, had no application.

(Argued October 8, 1879; decided November 11, 1879.)

THE nature of the appeal and the facts are set forth sufficiently in the opinion. (Reported below, 18 Hun, 358.)

*Jesse C. Smith*, for appellants. Executors acting as trustees are allowed the same compensation for their services by way of commissions as are allowed by law to executors. (*Meacham* v. *Stearns*, 9 Paige, 398; *In re Schell*, 53 N. Y., 263; *In Matter of Kellogg*, 7 Paige, 267; *In Matter of Pervie*, 1 Tucker, 119.) The trusts created under the will of George C. Hall, deceased, in reference to all the rest, residue and remainder of his estate devised and bequeathed to the executors in trust, are distinct and separate from their duties as executors. (*Phelps* v. *Gebhardt F. Ins. Co.*, 9 Bos., 411; *In the Matter of Schell*, 53 N. Y., 263; 1 R. S., 727, § 47; *Dominick* v. *Michael*, 4 Sand., 374; *Roome* v. *Philips*, 27 N. Y., 357; *Dunning* v. *Ocean Nat. Bk.*, 61 id., 497; *Beekman* v. *Bonsor*, 23 id., 304; *Matter of Van Wyck*, 1 Barb. Chy., 565; *Wood* v. *Brown*, 34 N. Y., 341; *Leggett* v. *Hunter*, 25 Barb., 99; affmd., 19 id., 445; *In re Place*, 1 Redf. Surr. Ct. Rep., 276; *Curtis* v. *Smith*, 60 Barb., 9; *Wheatly* v. *Badger*, 7 Penn. St., 459; 1 Hill on Trustees, 237, 238, 364; *Bain* v. *Matteson*, 54 N. Y., 667.) The executors are entitled to their commissions, as trustees, notwithstanding they received their commissions as executors. (*Matter of De Peyster*, 4 Sandf. Chy. R., 511; *Wagstaff* v. *Lowery*, 3 Abbott, 441; *Matter of Schell*, 53 N. Y., 263; *Valentine* v. *Valentine*, 2 Barb. Chy., 430; *Drake* v. *Price*, 5 N. Y., 430; *Cram* v. *Cram*, 2 Redf., 244, 255; *Matter of Corman*, 3 Redf.)

*J. T. Marean*, for respondents.   It is only for services in the execution of testamentary trusts and powers in trust which devolve upon executors personally, and not by virtue of their office, that they are entitled to commissions as trustees as distinguished from executor's commissions.  (*Conklin* v. *Edgerton*, 21 Wend., 430; affmd., 25 id., 224; *Dominick* v. *Michael*, 4 Sandf., 374; *Beekman* v. *Bonsor*, 23 N. Y., 304; *Roome* v. *Phillips*, 27 id., 363; *Dunning* v. *Ocean Nat. Bk.*, 6 Lans., 299; affmd., 61 id., 497; *Bain* v. *Matteson*, 54 id., 667; *Newton* v. *Bronson*, 13 id., 593; *Bolton* v. *Jacks*, 6 Rob., 228; *Gilchrist* v. *Rea*, 9 Paige, 72; *De Peyster* v. *Clandenning*, 8 id., 310; *Smith* v. *Edmonds*, 10 N. Y. Leg. Ob., 190; *McMahon* v. *Allen*, 4 E. D. Smith, 554; *Fisher* v. *Banta*, 66 N. Y., 468; *Hatch* v. *Basset*, 52 id., 361; *Dodge* v. *Pond*, 23 id., 69; *Meakings* v. *Cromwell*, 5 id., 136; *Kane* v. *Gott*, 24 Wend., 64; *Bogert* v. *Hertell*, 4 Hill, 492; *Johnson* v. *Bennett*, 39 Barb., 237.)  The law of 1866, p. 233, chap. 115, gave to surrogates jurisdiction over the accounts of testamentary trustees, but in respect to their compensation, only declared what had been the law for fifty years.  (*Meacham* v. *Sterns*, 9 Paige, 398; *In re Roberts*, 3 J. Chy., 43; *In re De Peyster*, 4 Sandf. Chy., 511; *McWhorter* v. *Benson*, Hopk., 42; *Wagstaff* v. *Lowerre*, 23 Barb., 222.)  Even if the duties of the appellants in respect to the personal estate beyond the ordinary scope of administration in cases of intestacy devolve upon them as donees of a personal trust and not as executors, the executors and the trustees of such trust being the same persons, they would not be entitled to a second commission. (*Valentine* v. *Valentine*, 2 Barb. Chy., 430; *Hobby* v. *S. G.*, 4 Edw. Chy., 284; *Drake* v. *Price*, 5 N. Y., 430; *Westerfield* v. *Westerfield*, 1 Bradf., 198; *Mann* v. *Laurence*, 3 id. 424.)

CHURCH, Ch. J.   This is an appeal from a decision of the Supreme Court, made at a General Term, in the second department, affirming a decree of the surrogate of the county of Kings, in the matter of the final accounting of the appel-

lants as executors and trustees under the last will and testament of George C. Hall, deceased. The testator by his will, devised and bequeathed all his personal and real property in Cook county, Ill., and real property in New York and Brooklyn, to certain designated beneficiaries, subject however to a power of sale given to his executors in regard to the Brooklyn property. . All the rest and residue he gave to his executors and trustees to have and to hold the same to themselves, and the survivors, or survivor of them, and *their successors*, or *successor*, in trust, to convert the same or such as shall not be already invested, into money, as soon as practicable, after the decease of the testator, providing that under certain circumstances they might invest certain sums in his business, and continue the same, and also giving them full power to sell any real estate not specifically devised, of which he might die seized.

He left no real estate not specifically devised, and the executors exercised the power of sale in regard to the Brooklyn property, and had invested, and were holding its proceeds. The executors had an accounting, on which they were allowed full commissions as executors, and in which a decree was entered June 1, 1874 ; and this appeal arises out of proceedings for a final accounting, in which a decree was made May 24, 1878, directing among other things that the appellants pay over to Margaret J. Hall, one of the legatees, her share of the estate, she having become of age, and allowing commissions only on the amount of income collected since the last accounting. . The appellants claimed before the surrogate that they were entitled also to full commissions *as trustees*, on the amount paid to Margaret J. Hall, which was disallowed, and from this portion of the decree an appeal was taken. Much stress is laid upon the designation of the appellants as trustees, as well as executors in the will, but it is very evident that these terms were used interchangeably, and as synonymous, and not in contradistinction from each other, and it would hardly seem from the bequest of the fund in question to his executors, and the survivors of them,

and the successors and successor of them, that the testator contemplated a trust that would attach to the persons of the executors rather than to the office, or intended the execution of the trust in the character of trustees, rather than executors. The case of *Drake* v. *Price* (5 N. Y., 430), decided that when executors had invested a legacy as directed by the will, that they were entitled to commissions as executors, and not as trustees, following *Valentine* v. *Valentine* (2 Barb. Chy. R., 430). PAIGE, J., in a dissenting opinion distinguished *Drake* v. *Price*, from the last case on the ground that in *Valentine* v. *Valentine*, there had been no separation of the trust moneys from those held by them as executors, while in the case considered there had been such a separation. In *Lansing* v. *Lansing* (45 Barb., 182), the executors were directed to invest a certain sum for a definite time, and pay over the income, and it was held that in so doing they acted as executors, and not as trustees. In *Mann* v. *Lawrence* (3 Bradf., 424), it was said : " The investments are made by the executors in their trust capacity, and though they cannot receive double commissions when they are both executors and trustees, yet they may receive full commissions as executors." In the cases cited where executors have been allowed to receive commissions as trustees, there has been a separation of the duties performed in the two capacities. In the cases from which the opinions of the surrogate are given, in the appellants' brief, this separation had been made. In the one it appears that the fund had been ordered by decree of the surrogate to be set apart and kept invested for the beneficiary, and such separation had been made, and a separate bank account opened by the trustees as trustees of said fund, and it had been kept separate and distinct from the fund in their hands as executors, and not included in their accounting as executors. In the other there had been a decree reciting that the executors had fully accounted for all moneys and property in their hands, and their accounts fully settled, and they were directed to retain the moneys in their hands as trustees, and had so retained the same.

In the case under consideration there had been no separation of the moneys paid over from the general fund in the hands of the executors. This claim for commissions is made on a final accounting as executors, and they are allowed full commissions for receiving and paying out this money as a part of the general fund. The payment to Margaret J. Hall, is not of a separate fund held as such, but of an amount due her as a legatee under the will paid from the general fund in the hands of the executors, and there seems to be neither authority nor reason for holding that there has been any such separation of the fund, or paying over to the appellants as trustees, or any holding by them as such, as to entitle them to the extra compensation denied by the surrogate.

The statute in reference to trustees, chapter 115, Laws of 1866, enacts only, that any trustee created by a last will and testament, shall on a final accounting be entitled to the same commissions as executors, and has no bearing on the question whether they may be both executors and trustees, and receive commissions in both capacities on the same fund at the same time.

It is unnecessary to express an opinion as to the right of the appellants to receive commissions hereafter, as trustees, on the several amounts which they are directed by the decree of the surrogate to set apart, and invest for the several legatees.

The order must be affirmed.

All concur.

Order affirmed.