KINGS COUNTY.—HON. W. L. LIVINGSTON, SURROGATE.— February, 1882.

WISE *v.* MURPHY.

*In the matter of the estate of* GEORGE S. WILEY, *deceased.*

The testator, by his will, gave the income of $2,000 to A. and B. for their lives and that of the survivor, and the principal thereafter to petitioner, directing the executrix and executor to invest the fund.   He also gave a legacy of $10,000 to G.   The executrix, also the residuary legatee, having alone qualified, omitted to invest the $2,000, but, on the death of B., paid said principal sum to A., and died.   A. died insolvent.   The executor, having qualified generally as executor, received $10,000, assets of the estate, and paid G.'s legacy, but made no attempt to collect the $2,000 misapplied by the executrix, from her estate. which was solvent.

*Held,* that, the legacy of $2,000 never having been separated from the general fund in the hands of the executrix, and the executor having qualified generally, he could not claim that he was not clothed with any of the *trusts* under the will; that, though not responsible for the misapplication of the fund by the executrix, he should have collected the amount from her estate; and was liable to the petitioner for the amount of his legacy, with interest from the death of A.

APPLICATION by George W. Wise, a legatee under the will of decedent, to compel payment of his legacy.

The facts appear sufficiently in the opinion.

GRIMBALL & TUNSTALL, *for petitioner.*

WINCHESTER BRITTON *and* GEORGE J. MURPHY, *for executor.*

THE SURROGATE.—The testator, by his will, gave to George D. Wise and to his wife, and the survivor of them, the interest and income of $2,000, during their joint lives and the life of the survivor of them, and gave the said principal sum of $2,000 to their son, George Wiley Wise, the petitioner, to be paid to him on the death of his surviving parent ; and the testator further directed the executrix and executor of his will to keep the said principal sum invested on bond and mortgage, or in government or bank stock, or such other securities as they should deem prudent and advisable.

He appointed his residuary legatee, Ann Forbes, the executrix, and his friend, Henry C. Murphy, executor of his will. The executrix, at first, alone qualified, and, until her death, had the sole care and management of the estate. Instead of keeping the sum of $2,000 invested, and paying to George Wise, who survived his wife, only the income thereof, she paid over to him the whole of the said principal sum.

At the time of the death of the executrix, in 1863, there remained unpaid a legacy of $10,000, given by the testator to his half-sister, Mrs. Garrett, of Virginia ; and Mr. Murphy qualified and took out letters testamentary in the usual form, in June, 1863. The only assets of the estate which came to his hands was the said legacy of $10,000, received by him from the executrix of Miss

Forbes, and of which he took charge until he paid it, in 1865, to the administrator of Mrs. Garrett. He also, in 1865, executed an assignment to the executrix of Miss Forbes of a bond and mortgage, made by one Denyse to the testator, but which never were in the possession of Mr. Murphy. Miss Forbes seems to have taken possession of them to her own use, as the sole residuary legatee of the testator, and the assignment executed by Mr. Murphy to her executrix was apparently for the only purpose of assigning the record title. George Wise, the father of the petitioner, survived his wife, and died insolvent.

When Mr. Murphy qualified as executor, and found no assets belonging to the estate, excepting the legacy given to Mrs. Garrett, he must have known, of course, that the legacy of $2,000, payable to the petitioner on the death of the survivor of his parents, had been misapplied by the executrix in some way, and, although he was not responsible for the misapplication of the fund by the executrix, it then became his duty to collect from her estate, which was solvent, the amount which should have come to him as assets of the estate of the testator, to be held in trust for the petitioner (*Hill on Trustees*, [314]; 3 *Redf. on Wills*, 532; Weetjen *v.* Vibbard, 5 *Hun*, 265, 267; Olcott *v.* Ormiston, 84 *N. Y.*, 339, 344, 345).

But it is claimed, on behalf of Mr. Murphy, that he took upon himself the duties, and subjected himself to the responsibilities of an executor and trustee only as to Mrs. Garrett's legacy of $10,000. There is nothing in the evidence to support this claim, and it is inconsistent

with the fact that he assigned the Denyse mortgage as executor.

The will, from which he derived his authority as executor, appointed him generally, and not for any limited purpose; the oath, taken by him on qualifying, was not restricted to the proper administration of any particular part of the estate; and the letters testamentary issued to him, following the authority conferred by the will, were general, and granted to him "the administration of all and singular the goods, chattels and credits of the said deceased, and any way concerning his will."

All that can be said is that it appears, from the oral evidence, that, the executrix of Miss Forbes having been advised that she could not safely pay the $10,000 legacy directly to the legatee to whom it was given, Mr. Murphy qualified as executor, supposing that the estate had been fully administered, excepting as to this legacy.

Assuming that the $2,000 legacy eventually to be paid to the petitioner, when separated from the other assets of the estate, was to become a trust fund, to be held by the executors as trustees, and not as executors (Hall v. Hall, 78 N. Y., 535), and that Mr. Murphy could have accepted the office of executor, while refusing that of trustee (Williams v. Cushing, 34 Maine, 370), the separation of the legacy from the general fund in the hands of the executrix had never been made, so as to leave the legacy a separate trust fund in the hands of the trustee at the time of her death; it should therefore have come to the hands of Mr. Murphy as executor, as part of the general funds of the estate. Moreover, there was no refusal on his part to accept the trust while qualifying as executor, and he cannot now be allowed to say that

he was not clothed with any of the trusts which under the will devolved on the executors ( *Wms. on Ex'rs.* [1796] ; 3 *Redf. on Wills*, 612). He must, therefore, be charged with the amount of the legacy given by the testator to the petitioner, with interest thereon from the date of the death of George D. Wise, and a decree must be entered, directing him to pay the said amount to the petitioner.

.Decreed accordingly.