## IN THE MATTER OF THE FINAL ACCOUNTING OF PETER A. H. JACKSON, AS TESTAMENTARY TRUSTEE, ETC.

*Commissions — when allowed upon a fund held by an executor as trustee, in addition to those allowed to him as executor — when an executor will be charged with interest because of his failure to invest a fund in his hands — what errors can be corrected upon an appeal from such a decree without any case being prepared and settled — Code of Civil Procedure, sec. 998.*

The defendant's testatrix gave to her executors, and the survivor of them, the sum of $2,000, to invest the same in good securities and collect and pay over the income thereof to her niece, Catharine Paulding, for and during the term of her natural life, and upon her decease to pay the principal sum to her husband, Peter B. Ross. Upon the settlement of the accounts of the executor before the surrogate, as it appeared that there was but $1,320.26 applicable to the payment or this legacy, he was directed to retain in his hands that sum and to invest the same in good securities and collect the income thereof and pay it over to the said Catharine for and during the period of her natural life, and, upon her decease to pay the same to the said Peter B. Ross. The executor deposited the said sum of money with a trust company, where it remained during the life of Catharine for her benefit. Upon the final settlement of the account by the executor as to this fund, the surrogate refused to allow him commissions thereon, upon the ground that he had already received commissions upon it on the former settlement of his accounts.

*Held,* that he was entitled as trustee to receive commissions upon it.

The defendant neglected for two months to invest the said sum as directed by the first decree, and then deposited it with the trust company. The surrogate charged him with interest on the said sum for the said two months at the rate which it would have drawn if it had been deposited in the trust company.

*Held,* no error.

*Held,* further, that the defendant could have the erroneous decision of the surrogate reviewed, upon an appeal from the decree, without having any case prepared and settled, as provided by section 2576 of the Code of Civil Procedure.

APPEAL by the trustee from so much of the decree of the surrogate as charged him with interest and denied him commissions on the settlement of his accounts.

*H. M. Collyer,* for the trustee, appellant.

*Jeroloman & Arrowsmith,* for Peter B. Ross, respondent.

DANIELS, J.:

The objection has been taken that the points urged in support of the appeal are not regularly before the court for its decision, for the reason that no case has been prepared or made as that has been directed by section 2576 of the Code of Civil Procedure, but as the decree was not made upon a trial by the surrogate of an issue of fact, it is not within the practice prescribed by this section. The objections taken to it arise upon the decree itself and the will of the testatrix, and they may properly be heard and disposed of without a case and according to the practice provided for by the latter part of section 998 of the Code. The case is analogous to those provided for by that part of this section, and it may be heard and disposed of in the same manner. The executor accounted before the surrogate and a decree was made settling his accounts on the 16th of March, 1883. By this decree it was directed also: "that he retain in his hands the sum of $1,320.26, to be invested by him in good and valid securities and keep the same invested and collect and receive the dividends, interest and income thereof, and to pay the same unto Catharine Paulding Ross, to her own use for and during the period of her natural life, and upon her decease to pay the same to Peter B. Ross."

This direction was authorized by the eighth paragraph of the testatrix's will in the following language: "Eighthly. I give and bequeath and appoint that my said executors, and the survivor of them, shall also invest the further sum of $2,000 in good and valid securities, and keep the same invested, and collect and receive the dividends, interest and income thereof, and shall pay the same to my niece Catharine Paulding, wife of Peter B. Ross, to her own use during the term of her natural life, and that upon her decease my said executors shall pay the said principal sum of $2,000 to the said Peter B. Ross forever."

The condition of the estate did not permit the full sum of $2,000 to be invested in this manner, and the direction for that reason was limited to the actual balance which could be appropriated for this purpose, and that was the sum of $1,320.26. It is not necessary to inquire whether this decree was made upon a full and final settlement of the accounts of the executor, although that seems to have been its character, for the direction was explicitly given by it

requiring the executor to invest this precise sum of money, and collect and receive its dividends, interest and income, and pay the same to the beneficiary named in this clause of the will. It was shown by the petition, upon which the final accounting as to this particular sum of money took place, that it was separately deposited by the executor with the New York Life Insurance and Trust Company under this direction; and that was admitted to have been done by the answer of the legatee, to whom the principal of the sum has now, in consequence of the decease of Catherine Paulding Ross, become payable. During her life the deposit was held for her benefit. She died on the 19th of July, 1883, and the right to the fund then vested absolutely in Peter B. Ross. The executor received his commissions upon the settlement of his accounts as executor, but he was denied commissions upon the settlement which took place concerning this legacy. That denial was placed upon the authority of *Hall* v. *Hall* (78 N. Y., 535). But in that case the legacy upon which commissions were claimed was paid directly out of the aggregate amount of the estate in the hands of the executor to the legatee. There had been no division or separation of it, as there was in this case, under the direction of the surrogate and of the will of the testatrix. Where such a division or separation has been made and the amount has been invested, or is separately held for a beneficiary entitled to receive its income, profits or interest, this authority does not deny the right of the executor to commissions, upon the investment of the amount, on its final payment to the legatee entitled to receive it, after the decease of the beneficiary for life.

This is manifest from the opinion delivered in the case. (Id. 534.) This language is specially appropriate to the present case, for the money in controversy was separated from the estate and afterwards held during the life of Catharine Paulding Ross for her benefit. By the terms of the decree a trust was created in this fund for her, and active duties were imposed upon the executor to keep it invested and receive and pay over to her its dividends, interest and income for her use during the period of her natural life.

As to this amount he was from the time of the special appropriation a trustee entitled under its authority to commissions upon the sum passing into his hands in that capacity. The same point was

further considered in *Laytin* v. *Davidson* (29 Hun, 622) and *Hurlburt* v. *Durant* (88 N. Y., 121, 126), which sustain the right of the party to commissions under the state of facts presented in this case.

The executor was charged with interest upon the amount of the legacy for a period of two months after he was directed to invest it, and to that an exception was filed, and the same objection has been taken by him on the hearing of the appeal. Ordinarily an executor or trustee is entitled to a longer period than this, for the purpose of obtaining and making a proper investment of funds committed to his charge. (*Shuttleworth* v *Winter*, 55 N. Y., 625 ; *Lent* v. *Howard*, 89 N. Y., 169.)

But in this case no special investment of the fund was at any time made, but it was deposited by him with a trust company, and as that could as well have been done immediately after the fund was placed in his hands as trustee, there was no impropriety in charging him with the rate of interest which might have been obtained upon it by means of such a deposit, and that was all that was done by the decree in this instance. The amount so charged was very small and furnished no ground for special complaint against the disposition of the case made by the surrogate.

As to this interest the decree should be affirmed, but as to so much of it as deprived the trustee of his commissions on this fund it should be modified in such a manner as to direct the allowance of such commission. And as the trustee cannot be wholly permitted to succeed upon his appeal, this modification should be without costs, but he should be allowed his disbursements on the appeal.

DAVIS, P. J., and BRADY, J., concurred.

Decree modified as directed in opinion, with the disbursements of the appeal to the appellant.