In the Matter of the Estate of ANDREW HOOD, Deceased.

Where, by a will, trust duties are imposed upon the executor as to a portion of the estate, but there is no provision which expressly or by implication separates the two functions of executor and trustee, at least until there is a severance of the trust fund by the executor, or by a proper judicial decree, he may be held liable as executor and may be removed from his office as such for mismanagement.

A surrogate's decree settling the accounts of the executor, in the absence of a provision therein discharging him as executor, does not have that effect.

Even where by the terms of a will an executor may become a trustee simply, his liability as executor continues until there has been a final accounting, and a discharge by decree of the surrogate or a direction in such decree that he hold the fund thereafter as trustee, and an entering by him upon the duties of trustee as distinct and separate from those of executor.

*Laytin* v. *Davidson* (95 N. Y. 263), distinguished.

In proceedings for the removal of an executor for misconduct and waste in the management of the estate adjudged to be in his hands by a decree of the surrogate settling his accounts, it appeared that after such settlement, and accounting proceedings had been instituted to compel an accounting, wherein it was adjudged that in the absence of averments in the petition of facts rendering a further accounting proper, the former decree was a bar. (*In re Hood* 90 N. Y. 512). *Held*, that such adjudication was not conclusive as against, and did not affect, the present proceedings.

*In re Hood* (33 Hun, 338), reversed.

(Argued February 5, 1885 ; decided March 3, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 9, 1884, reversing a decree of the surrogate of Westchester county, which revoked letters testamentary issued to Frederick Hood, as executor of the will of Andrew Hood, deceased, on the ground that he had wasted and misapplied the funds in his hands as executor. (Reported below, 33 Hun, 338.)

Said Andrew Hood died in 1864, leaving a will by which he

appointed his wife, Maria Louisa, and his son Frederick, executrix and executor thereof.   The substance of the provisions of the will, so far as material, is stated in the opinion.

On the 28th of September, 1868, these executors presented their final accounts to the surrogate, who issued a citation addressed to the creditors, legatees and next of kin.   This citation was served on each of the said legatees and next of kin.   This petitioner was then an infant.  A special guardian was duly appointed to represent him.   The accounting resulted in a decree entered on January 6, 1869, whereby the said accounts were found to be correct and it was adjudged that they were thereby "finally settled and allowed."   The summary statement in that decree showed that there remained in the hands of the executors an amount invested under trusts contained in the will, $55,047.40; balance in cash, $305.66.   The decree then allowed certain items; in all, $1,642.37.   Deducting the balance of cash, this left $1,336.71 to be deducted from the investments under the trust; this left $53,710.69.

The further material facts are stated in the opinion.

*John J. Macklin* for appellant.   At the time of the acts complained of Frederick Hood was an executor, and the sureties on the bond given by him as such were liable.  (*Hood* v. *Hood*, 85 N. Y. 561; 1 Demarest, 392; *Matter of Clarke*, 5 Redf. 466; *Matter of Hood*, 27 Hun, 579.)   An executor may become a trustee by a real severance of the trust fund from the general estate and an investment as trustee (*Herbert* v. *Durant*, 88 N. Y. 121), or by a judicial decree, which finds the amount of the fund and directs it to be held by him as trustee (*Laytin* v. *Davidson*, 95 N. Y. 263), and investment as trustee pursuant thereto.  (*Johnson* v. *Lawrence*, 95 N. Y. 154.)   The duties imposed by the will on the executors were not separate and distinct from their duty as executors.  (*Hall* v. *Hall*, 78 N. Y. 535; *Johnson* v. *Lawrence*, 95 id. 154; *Matter of Clarke*, 5 Redf. 466; *Matter of Starr*, 2 Demarest, 141; *Hood* v. *Hood*, 85 N. Y. 570; *Mott* v. *Ackerman*, 92 id. 540.)   The property having been sold and the moneys received by them

as executors, the character of executors continued until the periods fixed by the will for distribution, viz. : As to the proceeds of the Delancy street property, the widow's death; as to the residue, the coming of age of each child. (*Hall* v. *Campbell*, 1 Dem. 418; *Hall* v. *Hall*, 78 N. Y. 538; *In re Jackson*, 32 Hun, 200; *Matter of Roosevelt*, 5 Redf. 601.) An executor may also be a testamentary trustee where duties are imposed upon him separable from his functions as executor. (*Matter of Clarke*, 5 Redf. 466; Code, § 2514, subd. 6; *Slosson* v. *Naylor*, 2 Demarest, 257; *Matter of Starr*, id. 141.) The executor, having for years after the decree held himself out as such, should now be estopped from claiming that he was a trustee or had been discharged as executor. (*Garvey* v. *McCue*, 3 Redf. 313.) The pendency of the action in the Supreme Court is no defense. (*Rogers* v. *King*, 8 Paige, 211 ; *Betts* v. *Cozine*, 2 Barb. Ch. 211; *In re Hood*, 27 Hun, 579 ; *Kuntz* v. *McNeal*, 1 Denio, 436.) Where an infant is a party to an action brought by his next friend as complainant or a defendant, and appearing by a next friend, he may, upon becoming of age, institute a new action on his own behalf, or withdraw from the action. (1 Daniell's Ch. 65, 79, 89 ; 27 Hun, 581.) The plea of the pendency of the former action is a plea in abatement, and does not affect the merits. It cannot be considered by the surrogate in a proceeding to revoke letters testamentary. If the allegations of misconduct are not denied or are proved, the surrogate must revoke the letters. (Code, § 2687; *In re McCarter*, 49 N. Y. 558.) The pendency of proceedings by William Hood and Annie Hood, on their own behalf and on behalf of Bertram Hood (then an infant), is not a valid plea in bar. (*Stowell* v. *Chamberlain*, 60 N. Y. 272.) The accounts upon which the decree was based showed that the executors did not themselves consider it as a final account of their proceedings. (*Johnson* v. *Lawrence*, 95 N. Y. 154.)

*Edward P. Wilder* for respondent. By the election of the petitioner and the order made thereon, this proceeding has

become one simply for the revocation of the letters of an executor for alleged waste of the estate. As such, it cannot be maintained against an executor, who has finally accounted as such, and has entered upon a new and distinct office as testamentary trustee. (*In re Hood,* 90 N. Y. 512; Code, § 2514, subd. 6; *Earle* v. *Earle,* 93 N. Y. 104; Redfield's Law and Pr. of Surr. [2d ed.] 652, 660; *Hurlburt* v. *Durant,* 88 N. Y. 121; Code, § 2718, subd. 1, § 2819, subd. 2.) A distinction exists between the functions of an executor and those of a testamentary trustee, even when both are vested in the same person. (*Laytin* v. *Davidson,* 18 Weekly Dig. 564; *Hurlburt* v. *Durant,* 88 N. Y. 121; Perry on Trusts [3d ed.], §§ 262, 263; *Blake* v. *Blake,* 30 Hun, 469; *Woodruff* v. *Young,* 31 id. 420.) A compliance with the statutory formalities is essential to the maintenance of an action against the sureties on an executors bond. (85 N. Y. 574; *Fiester* v. *Shepard,* 92 id. 255.) The pendency of the action in the Supreme Court in Kings county is a bar and defense to this proceeding. (*Groshon* v. *Lyon,* 16 Barb. 461; *Duffy* v. *Duncan,* 32 id. 589; *Dawley* v. *Brown,* 65 id. 107; *Lewis* v. *Maloney,* 12 Hun, 207; *Vanderbilt* v. *Vanderbilt,* 54 How. Pr. 250; *Schuele* v. *Reiman,* 86 N. Y. 273; *Bell* v. *Donohue,* 13 Weekly Dig. 253; *Travis* v. *Meyers,* 67 N. Y. 542; *Christy* v. *Libbey,* 5 Abb. Pr. [N. S.] 192.) Where former action is brought for the benefit of all the parties interested in the estate, as is the case with the Supreme Court suit here pleaded, its pendency is a bar to proceedings by some of those parties in another court to reach the same result. (*Kerr* v. *Blodgett,* 48 N. Y. 65; *Schuele* v. *Reiman,* 8 Paige, 210; *Wager* v. *Wager,* 89 N. Y. 161; Redfield's Law and Pr. of Surr. [2d ed.] 652, 653.) When jurisdiction of an equitable subject-matter has been once properly acquired, it will be retained until a complete disposition of the controversy has been made. (43 N. Y. 578; 33 How. 373; Story's Eq. Jur., §§ 796, 797; *Wager* v. *Wager,* 89 N. Y. 161.) The fact that the petitioner was an infant when the Supreme Court suit was brought, and that now he institutes this proceeding in his own right as an adult, is no

excuse for this proceeding. (2 Barb. Ch. Pr. [2d ed.], book 5, chap. 5, pp. 208, 209.) The pendency of the two prior proceedings in the Surrogate's Court should also be deemed a bar to this proceeding. (*Earle* v. *Earle*, 93 N. Y. 104.) The only fact that could entitle the appellant to such an exercise would be the fact that he is entitled, by the terms of the will, to the payment of money or the delivery of property by the trustee. This must appear conclusively. If there is the slightest doubt about it, then by section 2805 of the Code the surrogate must dismiss the proceeding. (*Blake* v. *Blake*, 30 Hun, 469.) The executor had ceased to act as such and become a trustee under the will, and the provisions in the will were sufficient to distinguish and separate the two trusts. (*Laytin* v. *Davidson*, 95 N. Y. 267.) The surrogate in 1869 recognized and decreed a separation of the two trusts by a decree which is binding on all parties, including this petitioner. (*Pomeroy* v. *Lewis*, 14 R. I.; *S. C.*, 30 Alb. L. J. 237; *Dunning* v. *Ocean B'k*, 61 N. Y. 497; *Matter of Jackson*, 32 Hun, 200.)

MILLER, J. The principal question to be determined in this case is whether, after the decree made in the accounting before the surrogate of Westchester county on the 6th of January, 1869, passing and settling the accounts of the executors of Andrew Hood, deceased, such executors became trustees under the will and were responsible only as trustees for all acts done after that time relating to the funds of the estate.

Upon the hearing before the surrogate the evidence showed misconduct on the part of one of the executors which would justify removing him from office, if he acted in the capacity of executor and not as trustee. The decree of the surrogate was clearly right unless he had no jurisdiction by reason of the executor having become merely a trustee, and if he continued, after the decree, to hold the property then in his hands as executor and not as a trustee.

The will of the testator contained various provisions conferring authority upon the executors over his estate, and invested

them with power to control the same, to receive and pay over moneys for the benefit of the legatees therein, and to make a disposition thereof. The testator, among other things, directed his executors, out of the proceeds arising from certain firms and other personal estate and the proceeds of certain real estate, to pay off a certain mortgage named, and out of the net income of said property, or the net income of any securities in which the price of the same might be invested, to pay to his wife $2,000 a year as long as she lived, and, after other provisions not necessary to be stated, he directed his executors to divide the surplus, if any, when his youngest child arrived at the age of twenty-one years. After the death of his wife he ordered certain real estate to be sold, if not previously sold, and he made a disposition of the proceeds by specific bequests thereof. By a subsequent clause he devised the residue of his estate to the executors, to sell and dispose of the same and divide the proceeds into as many shares as he should leave children, paying over the income to each child until it attained the age of twenty-one years and then to pay over the principal. In reference to certain portions of the estate the will created a trust, but in no part of the will are the executors designated as trustees, except in the concluding clause, in which the testator declared that he thereby appointed his wife and son to be executors of his will and trustees under the same.

It is evident from the language of the will that the testator did not intend that the persons named should act as trustees, alone and aside from the power conferred upon them as executors. The testator by his will made no provision that at any specific time the duties of executors should cease, and after that they should become and act as trustees alone. Nor does the decree of the surrogate in 1869, made upon the settlement of the accounts of the executor Frederick Hood, contain any provision to the effect that from the time of that decree the executors ceased to act as such and thereafter became trustees, or indicate any intention to discharge the executors. On the contrary, it declares " that the balance of said moneys,

being the sum of $53,710.69, said executors shall hold and invest, pursuant to the powers and directions in said last will and testament," thus assuming that the estate then was and would continue in their hands to be held and invested by them as such executors.

In the absence of any direction in the will of the testator that the executors should become trustees, or any provision in the decree to that effect, no reason exists why the executor whose account had been adjusted and settled should not continue to act in that capacity. As executor he was authorized to hold the estate, to invest and pay over the moneys and the income arising from the same, as directed by the will, and as a portion of his duties still remained unperformed, and he was not discharged by the decree, there is no valid ground for claiming that he was no longer executor but only a trustee, entirely divested of the responsibilities imposed upon him by the will as an executor of the testator's estate. Even if under the will it was possible for the executor to have become a trustee, he could not have done so until there had been a final accounting and a discharge by decree of the surrogate from his position as executor, or by a direction in the decree that he take and hold the property as trustee, and by his entering upon the duties of trustee as distinct and separate from his functions as executor. As he never was so discharged, and there never was any separation of the estate he held as executor, by his assuming to hold it as trustee, there is no ground for the position that he held it as trustee only. When the decree was made he was clearly an executor and held these funds in his hands and was liable to account for the same as such. His misapplication and waste of the funds subsequently did not deprive the persons entitled to the benefits of the same of their right to hold him responsible as an executor, or relieve him from liability as such. As he held them as executor under the decree, he could not discharge the liability thus incurred by any future investment.

At the time of the decree the executors had not fully per-

formed their functions, and their duties had not terminated. This fact is a complete answer to the position that the executors became trustees after the decree of the surrogate. The decree only fixed the amount after the payment of the debts and legacies which then remained due and payable. It did not provide specifically for the amount to be set apart under the fourth and fifth clauses of the will for the benefit of Louisa Lawrence. It also appears that the money due on the bonds and mortgages mentioned in the schedule annexed to the account was afterward paid to and received by the executor, and a portion thereof afterward invested by him as such executor, and that at a later period he again collected the same. It would thus seem that Frederick Hood continued to act as executor after the decree of the surrogate in 1869, and it is difficult to see any valid ground for the contention that he was not acting as such after that time, but was only a mere trustee. In *Hood* v. *Hood* (85 N. Y. 561), which related to the same matter now in controversy, and where the facts were similar to those presented upon this appeal, it was held that the executor was bound to account for the personal, and the proceeds of the real estate, and that the sureties on the bond given by him could be held responsible for the accounting in case of a default, in a proper proceeding against him. This case sustained the position that the respondent, at the time complained of, was an executor, and that the sureties given on the bond by him, as such, were liable for any failure to perform the duties imposed upon him. RAPALLO, J., after citing *Stagg* v. *Jackson* (1 N. Y. 206) as analogous to the case cited, and commenting on the same, says: " In the present case, therefore, the proceeds of land sold were legal assets in the hands of Hood, as executor, for which he was accountable as such, and consequently his sureties can be held ultimately responsible for the result of such accounting." In *Johnson* v. *Lawrence* (95 N. Y. 155) it was held that, when the duties of executor and trustee were inseparably blended, they were not entitled to separate commissions. In the case at bar there was no provision in the

will, or by intendment, that the two functions were to be separate, nor was there any severance of the trust fund by the executor, or a judicial decree to that effect, and the case cited has a direct bearing upon the question considered. The case of *Laytin* v. *Davidson* (95 N. Y. 263) is not adverse to the views already expressed. Trusts were there created under the will, and the decree of the surrogate directed that the property be held by the executors as trustees.

It is claimed that the opinion of the court *In re Estate of Hood* (90 N. Y. 512) is absolutely conclusive as against this proceeding. The petition in that case was by the appellant and others, for an accounting, and it was held that the decree of 1869 was *prima facie* a good answer to the petition, as it presumptively embraced all the matters as to which the executors were liable to account, and that if new facts existed rendering a further accounting proper, they should have been averred in the petition. In the present case the proceeding is to remove the executor for misconduct and waste in reference to the estate which was adjudged to be in his hands by the decree of the surrogate in 1869. This is entirely different from a proceeding for an accounting, and there is a marked and plain distinction between the two cases. In no sense can the proceeding in the case cited be said to be a bar or an interference with the present application.

There is no ground for claiming that the pendency of the action in the Supreme Court in Kings county in which the petitioner here was an infant defendant, is a bar to this proceeding. It was there held that the court had no jurisdiction to grant the relief demanded. (85 N. Y. 561.) The surrogate alone has the power to revoke letters in a case of this character.

Nor was the pendency of the prior proceedings in the Surrogate's Court any bar to this proceeding.

Numerous objections were taken to the rulings of the surrogate upon the hearing, but we are unable to discover that any error was committed by him in respect to any of them, which authorizes a reversal of the proceedings.

The question whether, in the course of the administration of the estate, the executor could become a trustee solely does not arise, and it is not intended to decide the same.

We think that the order of the General Term was appealable, and that, for the reasons stated, there was error in reversing the surrogate's decree.

The judgment of the General Term should be reversed and the decree of the surrogate affirmed, with costs.

All concur ; EARL, J., in result.

Judgment accordingly.