Rollins, S.
The respondent in the proceedings which culminated in a decree entered herein on the 30th of September, 1886, now asks that that decree be corrected by striking out the word “ executor,” wherever it occurs therein, and by inserting in its place the word “trustee,” so that by such decree as amended he will be charged in the latter capacity and not in the former. •
Certain preliminary objections to the consideration of this motion are interposed by the petitioner’s counsel. The application, they claim, should be denied on the ground of laches, and on the further ground that the moving party is in contempt of this court by reason of his failure to obey the directions of the decree now sought to be amended, and the directions of an earlier decree settling and adjudicating an account filed by him as executor.
I do not deem it important to pass upon these preliminary objections, for I am clearly of the opinion that the respondent’s application must be denied upon the merits.
The decree last referred to was entered on November 6, 1873. It adjudged and determined that, as executor, the respondent had in his hands a certain specified balance of moneys, audit contained the provisipns following: “It is further ordered, adjudged and decreed that the said executor retain, invest, and keep invested, the balance remaining in his hands after making the payments heretofore ordered * * * according to the trusts and provisions contained in said last will and testament.”
Now the decree of 1886 expressly adjudged that these directions were not complied with by the respondent. It matters not, therefore, whether he could or could not, under a true interpretation of his testator’s will, have relieved himself from future responsibility as executor by *752 making proper investments of the funds in his hands as required by the decree of 1873. He did not in fact make such investment, and of a consequence has not become entitled to such relief.
This is the doctrine of Matter of Hood (98 N. Y., 363), and this doctrine has been emphatically reasserted by the court of appeals in another decision in Matter of Hood, rendered on the eighteenth of the present month. 5 N. Y. State Rep., 501.
Motion denied.