Sedgwick, Ch. J.
My conclusions are as follows: No action lies against the defendant for any disobedience by the executor, as executor of the decree of 1873. That decree adjudged that as executor,he had acted properly. By a proper construction of all the terms of the decree of 1886, in connection with the petition upon which it was made, and the past and then existing facts, that decree was against Tower, as trustee, and not as executor, and the sureties are not liable for a disobedience of that decree. I do not see how there could be a judicial investigation of his misconduct as trustee under the will, without he had ceased to be executor. The complaint is to be dismissed, with costs, and no allowance.
*462 III. The sureties have failed to show a discharge. They have not attempted to show a discharge by payment or resignation on their own part (which are the only ways by which it can be effected by the bondman himself), or by consent of all parties. They have not attempted to show a discharge by Tower’s separating the fund, turning it over to a trustee account, and investing it as such. No such discharge by matter in pais is known to the law. The beneficiaries must consent, or there must be legal proceedings. The infants "are entitled to be heard by guardian before an unsecured liability is substituted for a secured one. In fact, the proceedings of 1886 (by which the sureties are bound) show the most disgraceful breaches of trust on the executor’s part. The estate’s funds were used in his private business and their condition concealed from the widow. The only discharge claimed is based upon the decree of 1873. That the settlement of 1873 was a “ final ” one did not mean a discharge, or that there could be no further accountings as executor. There may be many “ final ” settlements.. Each one is “ final” up to date of account. A “ final ” settlement leaving a balance to be retained by the executor, without a discharge, necessitates a future accounting as executor. Redfield Sur. Prac., ch. 19, art. II. § 2; Glover v. Holley, 2 Bradf. 291; Matter of Hood, infra. If there be any discharge in the decree of 1873 it must be sought in the concluding clause, which directed “ that the said executor retain,” etc., the fund in question according to the trust and provisions contained in the said last will and testament.” We submit the rule in New York (following that in Massachusetts) to be as follows: When one is both executor and trustee under a will, a decree settling his accounts does not discharge him as executor and make him trustee alone, unless: (1.) It in terms discharges him as executor; or *463 (2.) it credits him as executor as having already paid the fund over to himself as trustee (thus making a binding adjudication of the past fact); or (3.J it directs him to hold in futuro distinctly as trustee ; and in the third case the decree of itself is not a discharge, but compliance with the decree, by at least setting apart the trust fund and turning it over to trustee account in some way, is a necessary condition. The decree of 1873 fulfilled none of these requirements, nor was it followed by a setting apart of the trust fund. The leading case in New York in plaintiff’s favor is Matter of Hood, 98 N. Y. 363, and 104 N. Y. 107. The decree of 1886, upon which this suit is brought, having charged Tower in terms “ as executor,” a motion was made in January, 1887, to change these words to “ as trustee.” This raised the question as squarely as it could be raised. The surrogate in Matter of Cluff, Daily Reg., Feb. 11, 1887; S. C., 25 Week. Dig. 375, denied the application. The rules so clearly indicated in the second Hood opinion had been respected, though never entirely formulated, in the prior New York authorities. Hall v. Hall, 78 N. Y. 535, 540; Matter Roosevelt, 5 Redf. 601; Johnson v. Lawrence, 95 N. Y. 154; Laytin v. Davidson, Ib. 263. A line of able opinions in Massachusetts is to the same effect. It is held that the executor must have been credited in his final account with the amount thereafter claimed to be held as trustee, and charged as trustee. Hall v. Cushing, 9 Pick. 395; Newcomb v. Williams, 9 Met. 525; Conkey v. Dickinson, 13 Met. 51; Prior v. Talbot, 10 Cush. 1; Miller v. Congdon, 14 Gray 1; Treadwell v. Cordis, 5 Ib. 341.
1Moreover, the above discussion has been conducted entirely on the theory that a discharge of Tower as executor discharged his bond. But does not this theory disregard the last clause of the bond itself ? Tower is by the terms of the bond not only to “ faithfully execute the trust reposed in him as executor,” but also (not “ as executor,” but individually) to “ obey all orders of the *464 surrogate touching the administration of the estate committed to him.” This' last clause we find no adjudication upon, except in the case of Scofield v. Churchill, 72 JSí. Y. 568. In that case the clause was held to have independent force, and we think that the fair and natural construction would protect the estate from all misconduct of the principal “as executor” or “as trustee.”
IV. In conclusion, we may notice what appears to us to be a misconception in the opinion and findings of the court below. The court says : “ That decree [of 1873] adjudged that as executor he had acted properly.” The decree on an accounting has never been a conclusive adjudication in favor of the executor for all purposes, and in particular decides nothing as to the executor’s management of the property in his hands. If he charges himself with the full principal and 6 per cent, interest, the decree is the same whether he has earned the interest by good investment or has gambled the whole fund away. 2 R. S., p. 94, § 65; 2 Edm. 97; Code Civ. Proc., § 2742. The surrogate, therefore, on discovery of the gambling, may remove the executor whether or not his accounts have since been settled.
Charles E. Wilson and Isaac Fromme, for respondents:
I. The will of testator creates a trust which does not pertain to the office and duties of his executorship, and appoints Edward E. Tower such trustee, (a.) The language used by testator in creating the said trust is as follows: “ I give, devise and bequeath all my property, of every name or nature whatsoever, to Edward E. Tower, of the town of Cohasset, in the state of Massachusetts, to be held by him in trust nevertheless, for the following purposes and no other, to wit: To convert all my said property into money and to invest the same, together with what money I may have at the time of my death in good and sufficient securities, and to pay the interest arising therefrom and which may become due from time *465 to time to my wife,” etc. (b.) A subsequent clause of said will was : “ I appoint my friend, Edward E. Tower, of Cohasset, of the state of Massachusetts, executor of this my last will and testament.” (c.) “If the trust is given to one named and the same person is afterwards appointed executor, the trust is not annexed to the office of executor.” Perry on Trusts, § 262. {d.) The term “ testamentary trustee ” “ includes an executor or administrator where he is acting in the execution of a trust created by the will, which is separable from his functions as executor or administrator.” Code Civ. Proc., § 2514. (e.) Where a will appointed an executor and created a trust by saying, “ I devise and bequeath to my executor herein named in trust,” certain property, held that the relation of the executor to the trust estate, as trustee, was the same as if he had not been named executor in the will and as if the property had been devised and bequeathed to him in trust by his individual name. Parsons v. Lyman, 5 Blatch. 170; Matter, Schell, 53 N. Y. 263 ; Matter, Wadsworth, 2 Barb. Ch. 381. (f.) An executor is appointed trustee when the will, distinct and separate from his executorship, provides by express terms, or by fair intendment for the separation of the two functions, the dutiés of the one to be substantially performed before those of the other begin. Johnson v. Lawrence, 95 N. Y. 154; Hurlburt v. Durant, 88 Ib. 126; Hall v. Hall, 78 Ib. 538. (g.) This point seems to be conceded by appellant, for no exception was taken to the third conclusion of law made by the court on the trial of the action, which is as follows: “ That bv the will of said testator said Tower was appointed trustee of said estate distinct and separate from his duties as executor.”
II. The duties and responsibilities of said Tower, as executor, terminated and his separate duties as trustee commenced in 1873, some eight years before the commencement of the special proceeding for his second accounting. The legal effect of the decree of 1873 was to discharge said Tower as executor and leave him acting *466 as trustee. Matter, Carman, 3 Redf. 47; Ward v. Ford, 4 Redf 34. The principles of these two cases have been cited with approval in the court of appeals in numerous cases. Hall v. Hall, 78 N. Y. 538; Hurlburt v. Durand, 88 Ib. 121. See also Johnson v. Lawrence, 95 N. Y. 154; Laytin v. Davidson, Ib. 263 ; 29 Hun 624; Matter, Mason, 98 N. Y. 527. The case of the Matter of Hood (98 N. Y. 363) in a negative way supports the view here taken. In that case there had been neither an actual separation nor a decree which in law amounted to such a separation. In Phoenix v. Livingston, 101 N. Y. 451, the principles here discussed were again enunciated. See also Blake v. Blake, 30 Hun 471.
III. No manual transfer of the funds from Tower’s hands as executor to his hands as trustee is necessary in order to establish his trusteeship. This transfer is accomplished by operation of law under the well established principle that “ when the same hand is to pay and receive what the law requires to be done will be deemed done.” Matter, Gilbert, 39 Hun 67 ; Warner v. Knower, 3 Dem. 212 ; Seegar v. The State, 6 Harr. & John. 162; 14 Am. Dec. 265.
IV. There has been no disobedience by said Tower as executor of the decree of 1873. (1.) By said decree of 1873 it is adjudged that the account of said executor as filed was correct, and that he accounted for all the moneys and property of the estate of the testator which had come into his hands as executor, and his said account was thereby settled and allowed as filed. (2.) The direction in said decree of 1873 that said Tower retain, invest and keep invested the balance remaining in his hands according to the trusts and provisions contained in said last will and testament pertain to his duties as trustee, in which capacity all investments were to be made. Laytin v. Davidson, 95 N. Y. 266.
V. The decree of 1886 is against Tower as trustee and not against him as executor.
*467 By the Court.—Truax, J.
(after stating the facts as above)—The defendants bound themselves that the above named Tower should faithfully execute the trust reposed in him, as executor of the last will and testament of said Cluff, and obey all orders of the surrogate of the county of New York touching the administration of the estate committed to him, and they cannot be held on this bond unless it has been shown that said Tower has failed to faithfully execute the trust reposed in him as executor of the said last will touching the administration of the estate committed to him.
The appellant claims that this has been shown by the decree made in the surrogate’s court, September 30,1886, while the defendants claim that said Tower was discharged as executor by a decree which was entered in the said surrogate’s court, November 26, 1873.
Said Tower was appointed executor and trustee by the said last will and testament of the said Cluff, and, by the said decree of November 26,1873, it was ordered, adjudged and decreed that the accounts of said Tower be finally settled and allowed, as filed and adjusted, and it appearing that there was in the hands of said executor the sum of $12,222.98, it was ordered and adjudged that the said executor retain, invest, and keep invested, the balance remaining in his hands after making the payments which were ordered to be made by said decree according to the trusts and provisions contained in said last will and testament. By a subsequent decree this amount was reduced to the sum of $10,906.02. It was adjudged by the decree of September 30, 1886, that the said Tower never had made any proper investment of the said trust fund, but that he has wasted, improperly applied and improvidently managed the same, and that he has, without good cause, neglected to obey the direction of the surrogate concerning the investment of said trust fund, contained in said decree of November 26,1873.
I cannot find it stated anywhere in the case whether said Tower did or did not have in his hands, at the time *468 of the making of the decree of 1873, the whole or any part of the funds of the estate. In other words, it does not appear that he, as executor, has failed to faithfully execute the trust reposed in him as such, or to obey any orders of the surrogate of the county of New York, touching the administration of the estate committed to him. The defendants Day and Thompson were not sureties for Tower as trustee. They could be held liable only for his default as executor. The burden of showing that the default occurred while said Tower was executor, rests with the plaintiff. This, the plaintiff has failed to show. And for this reason and for the further reasons assigned by the chief judge in his opinion delivered on the trial of the case, I am of opinion that the judgment appealed from should be affirmed with costs.
Ditgro, J., concurred.