Yak Brunt, P. J.
The testator, Samuel Willetts, by his-, will bequeathed certain annuities to divers persons, amounting in the aggregate to $10,000, and directed his executors' to set apart and invest a fund sufficient to produce said annuities or to hold a sufficient amount of stocks for that purpose which fund and the unappropriated income thereof was on the decease of the annuitants as they respectively die, to be divided amongst his grandchildren, who should be living at the time of the death of the respective annuitants per capita and not per stirpes, only retaining an amount sufficient to produce the required amount for the remaining annuitants.
By a later clause of his will the testator devised and bequeathed all the rest, residue and remainder of his estate, real and personal, unto his executors, the survivors and survivor of them, in trust to sell, dispose of and convert into cash the said residue of his estate and divide the net proceeds thereof into as many shares as there should be of his grandchildren and he directed his executors to invest and keep at interest on bond and mortgage, upon real estate or in stocks of a permanent and productive nature, all of said shares, and apply the interest, income and dividends of each of said shares to the use of certain of his grandchildren named in said will, and upon the death of each of said grandchildren, to pay over the principal and accumulations, if any, of the shares set apart to such grandchildren,, to his or her lawful heirs.
The will, also, contained a provision that in case it should happen that either of .his grandchildren should have no- *323 issue, him or her surviving, then the share of the one so dying, should be paid over to the survivors.
By a codicil to his will the testator provided that in consequence of having made large and sufficient provisions, bequests and devises to his granddaughter, the respondent, Amelia W. Leavitt, and his issue in other portions of his will, he thereby annulled and revoked all the provisions and bequests in favor of and given to her and her issue in the residuary clause thereof, and he thereby directed that his executors should divide the residuary fund therein provided for, into as many shares as there should be grandchildren, exclusive of the said Amelia W. Leavitt, and to pay over the income and interest of said shares, and to dispose of the principal thereof respectively to his several grandchildren and their issue as therein provided, exclusive of the said Amelia W. Leavitt and her issue.
The executors named in the will having entered upon the duties of their trust, and having provided the annuity fund in the said will referred to, and having divided the estate into the shares provided by said will, presented their petition in December, 1885, for the judicial settlement of their account as trustees under the will, and such proceedings were thereupon had that a decree was entered by the surrogate passing said accounts, and from some portions of that decree this appeal is taken.
It is urged that the learned surrogate erred in finding that Amelia W. Leavitt was entitled to share in the annuity fund, because of- the codicil whereby all provisions and bequests in favor of and given to her and her issue in the residuary clause of the will were revoked.
The language of the codicil seems clearly to intimate that but one residuary clause is referred to, and that in that residuary clause in which provisions and bequests in favor of Amelia W. Leavitt and her issue had been made, because the language of the codicil is that the testator annuls and revokes all the provisions and bequests in favor of and given to her (meaning Amelia W. Leavitt) and her issue in the residuary clause thereof. The only provision in any residuary elapse for Amelia W. Leavitt and her issue is that part of the will whereby he directs his executors to sell and dispose of his estate and to convert it into cash and divide it into as many shares as there should be of his grandchildren. That clause also contains a provision that upon the death of Amelia W. Leavitt the executors shall pay over the principal and accumulations, if any, of the share allotted to said Amelia W. Leavitt to her lawful issue, and this clause is evidently the one referred to by the testator in his codicil, because in the clause relating to the annuities there is no provision whatever for the sharing by issue in the *324 provision therein made for his grandchildren. It is only his grandchildren who are entitled to share in the distribution of this annuity fund, or any part thereof, the direction for division being a direction to divide among the testator’s grandchildren who should be living at the time of the death of the respective annuitants per capita and not per stirpes, and there being no provision whatever for the issue of any deceased grandchild taking any share in this portion of the estate. The devise is to a class, and to such of the class as should be living at particular times, death necessarily excluding from participation, either directly or representatively.
The language of the codicil is not applicable in any way to this distribution of the annuity fund, and the testator evidently did not intend to deprive his grandchild, Amelia W. Leavitt, of this provision which he had made in his will for her benefit.
Objection was also taken to the fact that the trustees kept separate accounts with each one of these trusts. It would seem to us that that was the more orderly form in which the trustees should keep those accounts. Each trust was separate and distinct, and each trust had to bear its own losses, and it was especially necessary after the division which the executors were required to make immediately after the reduction of the estate into cash and the allotment of the various shares, that separate accounts should be kept of each by the executors, in order that there should be no confusion arising in the management of those separate and distinct shares.
•It was also objected that the executors were not entitled to commissions as executors and as trustees. It would seem, however, under the decision of the court of appeals, as the executors have terminated their duties as such, and the fund is held and managed by them as trustees, that they were entitled to their full commissions as executors and also to their commissions as trustees. Laytin v. Davidson, 95 N. Y., 263.
There seems to have been no error in the method in which the charge for taxes and salary of clerk was made. The taxes are a charge against the whole estate, and the services rendered by the clerk were rendered for the whole estate, and an apportionment of those charges was proper. They could not be saddled upon any one particular part of the estate.
There seems, therefore, to have been no error in the decision of the surrogate and the decree appealed from should be affirmed, with costs.
Brady and Daniels, JJ., concur.