Barnard, P. J.,
The evidence fully establishes the gift both of money and bonds. As to the money it appears that $30,000 had been given to Mrs. Crawford by her father and had been deposited in her name in the Second National Bank of New York. Mrs. Crawford drew her check on the bank for $28,000 and her father deposited this check with $2,000 additional in the Farmers’ Loan and Trust Company, to the credit of Mrs. Crawford. About two years after this Mrs. Crawford drew her check for the balance of $2,000 in the Second National Bank and the testator deposited to Mrs. Crawford’s account, this $2,000 and $8,000 additional. The testator made subsequently other deposits on this account. There is abundant evidence of an expressed intent to give these sums of money. The Trust Company was furnished with Mrs. Crawford’s signature. She had the pass book of the company and all control over it except when she parted with it to her father to enable him to deposit money and have it entered on her account. As to the bonds it appears that the testator had $20,000 of the bonds of the Shenandoah Valley R. R. Co., made up by twenty bonds of $1,000 each. The testator went to Mr. Clark, one of the firm of Clark, Drake & Co., brokers, and instructed him to buy these bonds “for his daughter.” The bonds were registered in the name of *589 “Caroline P. Crawford” by Ms instruction. The bonds were delivered after registry to the testator and were found among his papers after his death. Under the rigid rule governing gifts inter vivas the title and the possesion of these bonds were transferred. After the registry, as to the company, the bonds belonged to Mrs. Crawford and the title once passed, the possession of the bonds by testator will be deemed the possession of his daughter, especially in view of the close family tie and the fact that the possession by the testator can be easily explained on the gound of the security of the bonds. They were deposited with the testator’s papers in a safe in the vaults of the Bank of New York. The testator must be deemed a trustee for his daughter, in the collection of the coupons attached, which were cut off from the bonds. These were payable to the bearer and from all the evidence in the case although there is no direct proof, it is easily inferable that Mrs. Crawford had the benefit of the coupons. If the gift was complete the testator would be liable to account as trustee. Martin v. Funk, 75 N. Y., 134; Grymes v. Hone, 49 N. Y., 17.
As to the commission, the case is not clear. The fine between the court of appeals, in Laytin v. Davidson (95 N. Y., 263), and that applied in Johnson v. Lennon (95 N. Y., 155), is not very marked. The case seems to fall within that applied in Laytin v. Davidson. The will directs that the rest, residue and remainder of his estate be held in trust, and to divide the same into thirty-two equal parts, in bulks of five, eight and nineteen parts, as trusts, for three separate beneficiaries during their lives, and payment over subsequently.
There is a marked and definite time when the executor-ship ends and the duty of trustee begins. The double commission should be allowed. Matter of Mason, 98 N. Y., 527.
This part of the decree should be modified accordingly, with costs to appellant out of the estate. In other respects,, the judgment should be affirmed, with costs.
Dykman, J., concurs.
Pratt, J.—We
think the intent of Peter Townsend to vest the title of the Shenandoah Valley Railroad bonds is fully established, but are of opinion that the facts shown do not, in law, amount to a completed gift.
The bonds were payable to bearer, and would pass by delivery. They remained in the custody of Mr. Townsend, and were subject to his control, and to that of no one else. The indorsement of Mrs. Crawford’s name upon their back is not shown to have any legal significance. The bonds did not cease to be payable to bearer. The coupons were pay *590 able as before. In respect to the item of $20,000 of bonds, the order below was wrong.
The money in the Trust Company was distinctly put into the control of Mrs. Crawford. No one but her could exercise any control over it. The gift was completed.
The witness Clark is not shown to have ever been in the possession of the money in the Trust Company. He could not be held personally responsible for it, and if he has any interest in the matter, it is only to the extent of his commissions, which would be increased by bringing the money into the estate. Double commissions were properly refused.
The decree must be modified as to the $20,000 bonds. Otherwise affirmed.