In the Matter of the Judicial Settlement of the Account of SAMUEL D. BABCOCK and JOEL BURKE WOLFE, as Sole Surviving Trustees Under the Last Will and Testament of JOEL WOLFE, Deceased.

*Executors and trustees — when they are entitled to full commissions upon the* corpus *of the estate, in each capacity.*

A testator by his will provided as follows: "I give, devise and bequeath all the rest, residue and remainder of the estate, real and personal, whereof I may die seized and possessed or entitled to, to my executors hereinafter mentioned, the survivors and survivor of them, their and his successors and assigns, to have and to hold the same as joint tenants, and not as tenants in common, upon the following uses and trusts:" To collect the rents and income and pay over $8,000 thereof to his wife during her life, and the balance to others. He appointed two persons therein named "executors of this my last will and testament, and trustees under the same;" and similar phraseology was used in a codicil thereto. The executors were authorized to sell any of the personal estate, and invest the proceeds thereof in the purchase of improved real estate, in their names as trustees.

By a decree of the surrogate of New York of March 6, 1884, the executors, after making certain payments therein named, were directed to assign, transfer and set over to themselves, as trustees, the estate remaining in their hands, to be held by them, as trustees, under the terms of the will; which they did.

In proceedings thereafter taken for the settlement of the subsequent accounts relating to such estate, it was:

*Held,* that, by the provisions of the will, there was a separation of the functions and duties of the executors and those of the trustees, and that the duties of the executors clearly preceded those to be performed by them as trustees.

That they were entitled to full commissions on the *corpus* of the estate, both in their character as executors and also in their character as trustees under said will.

Appeal by the trustees from that part of the decree of the surrogate of the county of New York which adjudged that they, as such trustees, were not entitled to any commissions on the principal of the personal estate, in addition to the full commissions on the *corpus* thereof awarded to them as executors under a previous decree made by the surrogate on their final accounting as surviving executors of said will, and determining that only one commission on the *corpus* of the estate was allowable to each of them.

The testator by his will provided, among other things, as follows:

*Fifth.* I give devise and bequeath all the rest, residue and

remainder of the estate, real and personal, whereof I may die seized and possessed or entitled to, to my executors hereinafter mentioned, the survivors and survivor of them, their and his successors and assigns; to have and to hold the same as joint tenants, and not as tenants in common, upon the following uses and trusts, nevertheless, that is to say : To have and to hold the same and the rents, issues, profits and income thereof, to collect and receive and, after paying thereout all proper and necessary costs, charges and expenses, to pay to my wife Margaret V. S. Wolfe, or to her use, annually during her natural life, or so long as she shall remain my widow, the sum of eight thousand dollars of said rents, issues, profits and income in four equal payments.  \*  \*  \*

*Seventh.* I hereby authorize and empower my executors to sell, whenever they may deem it advisable, any or all of my personal estate, and in their discretion to invest the same, or any part thereof, in bonds and mortgages on improved real estate in the city of New York, or in the purchase of improved real estate therein, in their names as trustees under this my last will and testament.  \*  \*  \*

*Lastly.* I hereby revoke, cancel and annul all other wills and codicils by me at any time heretofore made, and nominate, constitute and appoint my friends Edgar S. Van Winkle of the city, county and State of New York, and Samuel Denison Babcock, of Riverdale, Westchester county and State aforesaid, executors of this my last will and testament and trustees under the same.

By a codicil to his said will the testator further provided :

" I hereby appoint my nephew Joel Burke Wolfe, who now resides at No. 133 West 14th street in the said city of New York, and who is a son of my late brother, Udolpho Wolfe, to be an additional executor of and trustee under my said will; and I declare that my said will shall be read and contsrued as if the names of the said Edgar S. Van Winkle, Samuel Denison Babcock and Joel Burke Wolfe were inserted therein throughout instead of the names of the said Edgar S. Van Winkle and Samuel Denison Babcock, and that all the trusts and powers in and by my said will reposed in and made exercisable by the said Edgar S. Van Winkle and Samuel Denison Babcock. or the survivor of them, shall be executed and exercisable by the said Edgar S. Van Winkle, Samuel Denison Babcock and Joel Burke Wolfe, or the survivors or survivor of them,

their and his successors and assigns, and in all other respects I confirm my said will."

By a decree of the surrogate of New York of March 6, 1884, the executors, after making certain payments, were directed to assign, transfer and set over to themselves, as trustees, the estate remaining in their hands.

*Henry Himmelmann*, for the trustees, appellants.

*Henry W. Clark*, attorney for Alice G. Wolfe. respondent.

MACOMBER, J.:

It is apparent that the surrogate disallowed the claim of these surviving trustees on the ground that the testator did not, by his will, contemplate a severance of the functions of the executors from those of the trustees, technically so-called. The general rule is well established as enunciated in the case of *Johnson* v. *Lawrence* (95 N. Y., 154), that where the functions or duties of the executor and trustee are not separable, but are blended together, double commissions are not allowable. On the other hand, as is decided in the case of *Laytin* v. *Davidson* (95 N. Y., 263), where the duties distinctively of an executor cease and those distinctively of a trustee are assumed, double commissions are allowable. This question is to be determined by an inspection of the will itself. By that instrument Joel Wolfe directs his executors to pay his just debts and funeral and testamentary charges and expenses, and authorized them to expend $5,000 upon his burial lot by way of ornamentation and improvement. By the second, third and fourth clauses, he gives certain legacies to his wife and two of his nieces.

By the fifth clause he gives, devises and bequeaths "all the rest, residue and remainder" of his estate, real and personal, to his executors, the survivor and survivors of them, their heirs, successors and assigns, to have and hold the same as joint tenants upon the following uses and trusts : To have and to hold the same, and the rents and issues, etc. ; to collect and receive the same, and after paying thereout all proper and necessary commissions, charges and expenses, to pay to his wife during her life or widowhood an annuity of $8,000, of said rents, in equal quarterly payments. The rest and residue of said net rents and income were to be paid to maiden daughters of

the testator's deceased brother in equal shares during the life of the testator's widow, with a provision that, in case of the death or marriage of any of the said daughters of the deceased brother her share of said income was to go to her unmarried sisters.

By the sixth clause the testator, upon the remarriage or death of his wife, gives, devises and bequeaths the rest, residue and remainder of his said real and personal estate to eight of his nieces, and a nephew, particularly specified, and provides that in case any of them die before that event, leaving issue, such issue shall take its parent's share; and in case no issue is left, the surviving brothers and sisters of the one so dying shall take his or her share.

By the seventh clause the testator authorizes and empowers his executors to sell, whenever they deem it advisable, any and all of his personal estate, and in their discretion to invest the same in bonds and mortgages on improved New York city real estate; or in the purchase of improved real estate, in their names as trustees, under the last will and testament, or to use the same, or any part thereof, in the improvement of any real estate he may die seized of.

It also authorizes them, in their discretion, to hold and retain his personal estate, or any part of it, in the manner and form as invested at testator's death. He also authorizes his said executors to rent, lease or improve any part of his estate, and declares, as his intent and purpose, that his personal estate shall be converted into real estate if it can be advantageously done. By another clause he authorizes his executors to let his real estate and to execute leases therefor. Lastly, he appoints Edgar S. Van Winkle and Samuel Dennison Babcock, "executors of this my last will and testament, and trustees under the same." By a codicil he recites the appointment of the last-named gentlemen as "executors of my said will and trustees under the same," and then appoints his nephew, Joel Burke Wolfe, "to be an additional executor of and trustee under my said will."

An inspection of this will shows that there was a separation of the functions and duties of the executors and those of the trustees, and that the duties as executors clearly preceded the functions to be performed by them as trustees before the latter began, and that there was no provision for the co-existence, continuously and from the beginning, of the two classes of functions and duties. A

previous decree of the surrogate directed that the executors, after making certain payments named, assign, transfer and set over to themselves, as trustees, all and singular the estate so found to be remaining in their hands, to be had and holden by them as such trustees under the terms of said will and upon the trusts thereby created. In pursuance of this decree the executors did turn over and transfer to themselves, as such trustees, all such estate remaining in their hands, having finished their duties as executors, and assuming actively and exclusively the duties of such trustees.

Under these circumstances, we think that the trustees were entitled to the commissions claimed, and that, consequently, the order of the surrogate should be reversed, with costs and disbursements.

Van Brunt, P. J., and Bartlett, J., concurred.

Order of surrogate reversed, with costs and disbursements.