---

In re DORITY et al

(Supreme Court, Appellate Division, Second Department. May 8, 1899.)

1. EXECUTORS—TESTAMENTARY TRUSTEES—RELEASE.
    A release to an executor, as such, of every interest the releasor possesses in the estate, is not a release of an interest the executor holds as testamentary trustee for the releasor.
2. SAME—PETITION FOR ACCOUNT.
    Though a petition by one interested in an estate for an accounting by testamentary trustees does not state that moneys have come into their hands, of which they are required to account to petitioner, yet it is sufficient to entitle him to such accounting where it shows, without contradiction, that moneys have come into their hands, and that they have rendered no account.
3. SAME.
    Where testamentary trustees were given discretion to pay the corpus of the fund to the beneficiary during life, but were directed, in case of failure to do so, to pay it after his death to heirs, the latter were entitled to an accounting after the death of the beneficiary; the trustees not asserting payment to him.

Appeal from surrogate's court, Kings county.

57 N.Y.S.—68

On the judicial settlement of the account of Charles E., Dority and James S. Duffy as testamentary trustees of William Q. Dority under the will of Mary E. Dority, deceased. From an order denying the petition of Ramon L. Dority for an accounting, petitioner appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Samuel Seabury, for appellant.
John C. L. Daly, for respondents.

HATCH, J. The petition avers that Charles E. Dority and James S. Duffy were executors and trustees of the will of Mary E. Dority, deceased. So far as important to any question raised by the present appeal, the will, in its twelfth clause, provides as follows:

"I give, devise, and bequeath to my executors the remaining one-fourth of all the rest, residue, and remainder of my property, both real and personal, in trust, to invest the same, and pay the income thereof to my said son William Q. Dority during his lifetime, and to pay the principal thereof to my said son William Q. whenever, in their opinion, it shall be advisable to do so (and my executors shall be the sole judges of the advisability of paying over said principal); and, if said principal shall not be paid over then, upon the death of my said son William Q. I direct that the same be divided equally among my surviving sons, share and share alike."

The petition further avers that by the terms of the will the said trustees became possessed of $3,028, which they were required to invest as trustees, as provided by the will; that more than a year has elapsed since the said trustees accepted and entered upon the execution of their trust, but they have never made or filed an account, nor has there been a judicial settlement of said trust; that William Q. Dority died on June 22, 1896; and that the only surviving sons of the testator are Charles E. Dority and the petitioner. The answer of the trustees to the petition sets up the statute of limitations, and a general release by the petitioner of all his right, title, and interest in and to the said estate. The surrogate based his decision denying the application upon the ground that the release to the executors, being of every interest which he possessed in the estate, was conclusive as a bar in answer to this application. We are unable to assent to this view. The executors of the will occupied the dual positions of executors and trustees. Consequently the duties which devolved upon them were distinct and separate duties,—as much so as though the respective duties were devolved upon distinct and separate persons. Laytin v. Davidson, 95 N. Y. 263; Phœnix v. Livingston, 101 N. Y. 451, 5 N. E. 70. The release, being of their liability as executors, does not operate to release them from their obligations and duties as trustees. In re Taggard's Estate (Sup.) 16 N. Y. Supp. 629, affirmed on opinion below in 138 N. Y. 610, 33 N. E. 1082.

We are not able, upon the disposition of this appeal, to determine whether the statute of limitations is a bar to an application for an accounting or not. The averment of the answer is not conclusive of such question, and it can only be properly disposed of

upon the hearing before the surrogate. It is true that the petition does not in terms aver that the trustees, as such, have any money or property of the estate in their hands for which they are required to account to the petitioner; but it does appear that moneys have come to their hands, of which they have made no account, and that in fact no account as trustees has ever been rendered. The answer of the trustees does not deny these averments, nor does it show that the trustees are not in possession of money and property for which they should account.

It is clear from the clause in the will above quoted that the petitioner is a person contingently interested in the estate, and as such he is entitled to an accounting whenever his interest is made to appear by a duly-verified petition, unless he has been excluded by judgment, decree, or other final determination from which no appeal is pending. Code Civ. Proc. § 2514, subd. 11. This provision of the Code is absolute, except that it does not deprive the surrogate, in the exercise of his discretion, of authority to deny the application, where it appears that the petitioner is not entitled, upon the face of the proceedings, to the order which is asked (In re Wagner's Estate, 119 N. Y. 28, 34, 23 N. E. 200); but in the present case no such fact appears. As we have seen, the release was insufficient to discharge the trustees. The provisions of the will show a contingent interest, and the trustees, with all the facts within their knowledge, have not seen fit, in their answer, to set up, if such be the fact, payment to the cestui que trust named in the will; and if there has not been such payment, and they are not otherwise discharged, the petitioner becomes entitled to take, by virtue of the provisions of the will.

It follows that the order should be reversed, and the proceedings remitted to the surrogate of Kings county. All concur.