## SHRADY v. VAN KIRK et al.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

EXECUTORS—CONTRACTS—RECEIVER'S LIABILITY—LEAVE TO SUE.

    Since a receiver pendente lite to take rents, incomes, and profits from real estate is the representative of the court, and holds the funds in its hands subject to the court's order, he is not subject to a suit by a broker to recover commissions on the sale of real estate under a contract with the executors, and hence it was error for the court to grant leave to sue such receiver therefor.

Appeal from special term, New York county.

Action by George F. Shrady, Anna B. Van Kirk, and others, in which the Knickerbocker Trust Company was appointed receiver pendente lite of the rents, incomes, issues, and profits of the estate of Maria Shrady, deceased. From an order granting Aaron O. Whaley leave to sue such receiver to recover commissions on a contract with the executors to sell land belonging to decedent's estate, the receiver appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PAT-
TERSON, and INGRAHAM, JJ.

B. E. V. McCarty, for appellant.
Charles H. Gould, for respondent.

HATCH, J.   By the petition in this proceeding leave is sought to
bring an action against a receiver upon the theory that such re-
ceiver is the representative of certain parties which the petitioner
claims are liable to him upon a contract, express or implied.   The
court below granted such leave, and from the order granting it the
receiver appeals.   The order appointing the receiver shows it to
have been a receivership pendente lite to take rents, incomes, issues,
and profits of real estate, the subject-matter of the action in which
the receiver was appointed.   It is well settled that such a receiver
is limited in liability and character to the performance of the acts
which he is appointed to do.   He takes charge of the fund or prop-
erty during the pendency of the action, for the purpose of securing
it, in order that it may be ready for such appropriate disposition
as the final determination may require.   Such receiver does not ac-
quire title to any property, nor is the title to the property changed
by reason of his appointment.   He is simply entitled to the possession
of the property as an officer of the court.   Keeney v. Insurance Co.,
71 N. Y. 396.   Such being the status of the receiver, we come to
consider the petition, in order to see upon what basis of right the
petitioner claims legal standing to maintain the action which he
seeks to bring.   By the petition it is averred that the receiver was
appointed on the 8th day of February, 1898, of George, John, and
Jacob Shrady, as executors and trustees of Maria Shrady, deceased;
that the petitioner is and was engaged as a real-estate agent in the
borough of the Bronx, city of New York; that about the 28th day
of May, 1896, the petitioner wrote George Shrady, one of the execu-
tors, a letter stating that one W. H. Roe had made him an offer of
$5,000 for certain real estate belonging to the estate of the deceased,
and requesting such executor to write the petitioner in regard thereto;
that the petitioner never received any reply to such letter; that
thereafter, as he is informed and believes, said executor sent, or
was instrumental in sending, one Edwin Clark to Roe; that about
October, 1890, a contract between the estate of the deceased, "John,
Jacob, and George Shrady, executors, and Emma P. Roe, wife of
W. H. Roe, was entered into for the sale and purchase" of the prop-
erty mentioned in the petitioner's letter, for the consideration of
$6,500; that thereafter the petitioner wrote Jacob Shrady what he
had before written to George about the property, and what he under-
stood about the contract; that the petitioner was entitled to a com-
mission, stating its amount; upon information and belief, that the
receiver has possession of the property; and that a demand has been
made upon the receiver for payment of commissions, which it ignores.
Then follows an averment of merits, and prayer for leave to sue.

There are several reasons why the prayer of this petition should
not have been granted and the order made.   The petition shows upon
its face that the claim arose, if it exists at all, at least 15 months

prior to the appointment of the receiver. The receiver has taken title to no property of the estate. It does not represent the Shradys, either personally or as executors or trustees; and it can have no relation to the contract upon which the cause of action is based, so long as its present position remains unchanged. It has no more interest in, or relation to, the transaction which lies at the basis of this proceeding than any other stranger, nor could it have by virtue of this receivership, as it represents nothing connected therewith. The bare custodian of property for safe-keeping does not represent those persons who have the legal title thereto. Much less does he stand as their personal representative, responsible for the fulfillment of their personal contract, nor does he represent them in their trust relation. This receiver stands as the representative of the court, holding funds in the hands of the court, and can be subject to no action or proceeding, except in reference to the fiduciary relation which it occupies. Whatever the thing which is attempted to be set out in this petition be called, it is evident that no contract was made which is enforceable against the Shradys as trustees of the estate, as such is not the averment of the petition. Its allegation is that the contract was made by those persons as executors, and that the petitioner contracted with them in such capacity, if he contracted with them at all. For contracts made by executors, they are personally liable. Ferrin v. Myrick, 41 N. Y. 315. There is a distinction between executors and trustees, although both offices be lodged in the same person, and operate upon the same property. Dority v. Dority, 40 App. Div. 234, 57 N. Y. Supp. 1073. So far as the petition goes, it avers a contract showing liability of the executors personally, and it is not pretended that the receiver represents any personal liability of the executors.

It may further be observed that great difficulty will attend upon an attempt to find any cause of action stated in this petition against any person, either for a personal liability or in a representative capacity. If everything be taken as true, the executors seem to have done no more than they had a right to do without incurring liability of any character to the petitioner. But, aside from this, enough appears to show that this order was improvidently granted.

It should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.