stay an issuance of letters where, in the opinion of the surrogate, manifested by an order, the preservation of the estate requires that the letters shall issue, and he further decided under said section, in case letters shall have been actually issued before such appeal, the executors or administrators may exercise certain power and authority on a like order from the surrogate.

In Matter of Choate, 105 App. Div. 356, 94 N. Y. Supp. 176, where there had been a temporary administrator during the pendency of a probate contest, and upon the entry of the decree of probate letters testamentary were issued, and thereafter an appeal was taken from the probate decree, the court held that the effect of this appeal was to suspend the functions of the executors, and with a view of preserving the estate the executors applied for and obtained an order conferring upon them limited authority under section 2582 of the Code. An appeal was taken from that order, and the court said that they did not agree with the appellant's contention that these duties should of necessity have been again confided to the temporary administrator, for the reason that upon the issuance of letters testamentary the temporary administrator became functus officio "and the surrogate could not continue the temporary administrator after the issuance of such letters." They also held that it was not necessary for them to decide whether the surrogate, when an appeal from a decree of probate was taken, should have again appointed a temporary administrator, the question before them being as to the right to grant to these executors the limited authority therein provided for.

Inasmuch as it is conceded by all parties that an appointment is necessary for the preservation of the estate, under the circumstances of this case I think I should deny the application for the appointment of a temporary administrator and direct that limited letters to the executor issue under the provisions of section 2557, C. C. P., and I so direct and order.

---

(96 Misc. Rep. 407)

### In re CADWALADER'S ESTATE.

(Surrogate's Court, New York County. July 26, 1916.)

1. EXECUTORS AND ADMINISTRATORS ⬡495(2)—COMMISSIONS—TRUSTEES.

The executors and trustees under the will are entitled to commissions in each capacity; the various powers and duties devolving on them as trustees, as distinguished from executors, showing intention that their duties as such should be distinct and separate, and that their duties as executors should terminate, and their duties as trustees begin, when the debts and general legacies had been paid and the residue divided into shares to be held in trust.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2089; Dec. Dig. ⬡495(2).]

2. TAXATION ⬡895(7)—TRANSFER TAX—APPRAISEMENT—DEDUCTIONS—TRUSTEES' COMMISSIONS.

Where testator gives property in trust to pay the income to persons for life, and on their death the remainder to such persons as the life beneficiaries may by will appoint, only the trustees' commissions for receiving the funds will be deducted in assessing a transfer tax, so long as

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

taxation on the remainder is suspended, as, if the power of appointment is exercised, the trust funds will be taxed as part of the estates of the persons exercising the power, and trustees' commissions for paying out the trust funds may be deducted in proceedings to assess a tax on their estates.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1719; Dec. Dig. ☞895(7).]

In the matter of the estate of John L. Cadwalader, deceased. From an order, the executors and trustees appeal. Reversed and remitted.

Cadwalader, Wickersham & Taft, of New York City, for appellants.
Lafayette B. Gleason, of New York City (Schuyler C. Carlton, of New York City, of counsel), for State Comptroller.

FOWLER, S.   The executors and trustees of decedent's estate appeal from the order assessing a tax upon the interests of the legatees, and contend that the appraiser erred in refusing to deduct full commissions for two trustees from the assets of the estate. The appraiser deducted executors' commissions for receiving and paying out the entire estate.

The testator, after making a large number of general bequests, directed that the residue of his estate be divided into equal shares, one for each brother and sister surviving him, and one, for the issue, collectively, of any brother or sister who died before him. He further directed his trustees to pay one share to his sister, to hold one-half of another share in trust for his brother during his life, with remainder to such persons as his brother appointed in his will; and as to the other one-half of said share, to divide it into as many parts "as there shall be children or the issue of children of my said brother me surviving," and to hold such shares in trust for and during the respective lives of the cestuis que trustent, and on their respective deaths to pay over and transfer the corpus of the trust funds to such persons as the life beneficiaries by their respective last wills should designate and appoint. As to another share the testator directed his executors to hold two-thirds part in trust for his sister and to pay the remainder to such persons as she, by her will, may appoint, and to hold the other one-third of the share in trust for the daughter of the said sister during her life, and to pay the remainder to the appointees mentioned in her will.

In the sixth paragraph of his will the testator directed that his executors shall have power to divide his estate and to apportion cash, real estate, or securities to the several shares into which he directed that his residuary estate be divided, at values to be fixed by them. In a subsequent subdivision of that paragraph he authorized his trustees to make actual partition of his real estate between the trusts created by his will, and to sell or mortgage any real estate held in trust. He also authorized his executors and trustees to transfer any of the trusts created by his will to a trust company in the city of New York or in the city of Philadelphia.

[1] It is manifest from the provisions of the will that the testator intended separate duties for his executors and trustees, and that the time when their duties as executors terminated and their duties as trustees began was when the debts and general legacies had been paid and

the residue divided into shares or portions in accordance with the terms of the will. Separate trusts are to be formed for the benefit of testator's nephews and nieces, and the trustees are authorized to invest the principal of the trust funds held by them in such securities as they may deem proper. These various powers and duties devolving upon the trustees as distinguished from executors show that the testator intended that their duties should be distinct and separate. They are therefore entitled to commissions in each capacity. Laytin v. Davidson, 95 N. Y. 263.

[2] As the remainders after the various life estates are suspended from taxation in this proceeding because of their being subject to a power of appointment, and the only taxable interests are the life estates, the trustees' commissions to be deducted from the various trust funds created by the will of the testator are those allowed by law for receiving the trust funds. If the power of appointment is exercised by the respective donees of the powers, the trust funds will be taxed as part of the estates of the persons exercising the powers of appointment, and trustees' commissions for paying out the trust funds may be deducted in the transfer tax proceeding brought to assess a tax upon the respective estates of the donees of the powers. But so long as taxation on the remainders is suspended in this proceeding, the commissions to be deducted must be limited to full trustees' commissions for receiving the various trust funds.

The order fixing tax will be reversed, and the appraiser's report remitted to him for correction as indicated.