In the Matter of the Estate of Louis Rosenman, Deceased

Surrogate's Court, Kings County, August 2, 1938.

*Mitchell, Taylor, Capron & Marsh,* for the accountants Samuel Rosenman and The National City Bank of New York, as executors and trustees, etc.

*Hetkin, Rubin & Hetkin,* for the accountant Lena Rosenman, as executrix and trustee, etc.

*Martin Rosenman,* appearing in person, beneficiary.

*William Schwartz* and *Wagner, Quillinan & Rifkind,* for Irving M. Marks and Pinkus Marks, copartners doing business under the firm name and style of I. M. Marks & Co., claimants, objectants.

*Samuel Robbins,* special guardian for Hilda Rosenman, infant.

*Edmund J. Pickup,* special guardian for Miriam Shir, Florence Shir, Phyllis Sterman, Alexander Sterman, Selma Shillman, Norman Shillman and Sara Ann Shillman, infants, and for the unknown and unborn issue of each of said infants, and for the interests and future contingent interests of unknown and unborn issue and appointees, if any, of Martin Rosenman, Esther Rosenman Shir, Beatrice Rosenman Sterman, Clara Rosenman Shillman and Hilda Rosenman.

WINGATE, S. An interesting question in respect of the commissions allowable to estate fiduciaries is here raised.

The testator died on December 5, 1933, leaving a will which provided for the payment of his debts and funeral expenses, and thereupon directed that the residue of his estate be divided into six equal shares, each of which was given to the executors and trustees named in the will upon a separate trust, the first of which provided that the principal sum should be held for his wife, Lena, with income payable to her for life and, upon her death, the principal divided among his five children, or their issue. The second share was erected into a trust for the benefit of his son Martin, with a provision that the income, during minority, should be used for his support, so far as necessary, and any balance accumulated and paid him upon his attaining the age of twenty-one years, whereupon the full income should be paid him until he attained the age of twenty-five, at which time a quarter of the principal should be paid over to him. The third share was erected into a similar trust for his daughter Esther, with the additional provision that ten per cent of the principal should be paid her upon her marriage, and an additional fifteen per cent upon her attaining the age of twenty-five. The fourth share was erected into an identical trust for the testator's daughter Beatrice, the fifth, in like manner, for his daughter Clara, and the sixth for his daughter Hilda.

Martin attained the age of twenty-five years subsequent to the death of the testator, but a few months before the executors had actually erected in full the trust for his benefit. Esther married and attained the age of twenty-five prior to the death of the testator. Beatrice married and attained the age of twenty-five years prior to the testator's death, but attained the age of thirty, at which time a further percentage of the principal was payable to her pursuant to the terms of the will, after the death of the testator, but prior to the complete erection of her trust. Clara married and attained the age of twenty-five years prior to the death of the testator, and Hilda is still unmarried and under the age of twenty-one.

In this situation, the concrete problem propounded is as to the amounts of the commissions to which the trustees are entitled pursuant to the provisions of section 285 of the Surrogate's Court Act, it being the contention of a majority of their number that they are entitled to commissions in dual capacities, namely, as executors and trustees upon all of the assets of the estate not expended for the purpose of paying debts, administration and funeral expenses, and that they are entitled to commissions in an executorial capacity upon the latter. The several beneficiaries and the widow, who is a cofiduciary, contend, on the other hand, that commissions are permissible only in a single capacity. Both sets of opponents cite numerous precedents in purported substantiation of their views, but, as this and other courts have had occasion to observe on innumerable occasions, particular precedents are of negligible value in a determination of testamentary intent which, in last analysis, is the sole pertinent criterion in respect of the allowance of single or double commissions to testamentary fiduciaries.

As this court had occasion to observe in *Matter of Gregory* (150 Misc. 610, 612), the allowance of single or double remuneration to testamentary fiduciaries " depends primarily upon whether the natural results of the particular testamentary directions were exceptional in their nature and contained provisions distinctly and definitely pointing to a holding by trustees as such after the duties of the executors were completed and ended."

In the present instance, the will erects six trusts to be carved out of the residuary estate, the amount of each of which is to be an equal one-sixth share of such residue. It is obvious, therefore, that before the total amount available for the erection of these trusts can be ascertained, the natural executorial duties of marshaling the assets of the estate and the payment of the ordinary obligations of the deceased, and of the administration of his estate,

must first be completed. The duties, the completion of which is thus necessary prior to the determination of the amount which is divisible into six parts for the erection of the trusts, are consequently a complete termination of the ordinary executorial duties, wherefore it is naturally inferable that the testator, when he directed the division by his executors of the residuary estate into six parts, and their payment over to the trustees for the purpose of the trust holdings, contemplated action by the fiduciaries in dual capacities. (*Matter of Abrahams*, 136 Misc. 538, 546, deduced principle 8 [b]; *Laytin* v. *Davidson*, 95 N. Y. 263, 266; *McAlpine* v. *Potter*, 126 id. 285, 290; *Matter of Johnson*, 170 id. 139; *Olcott* v. *Baldwin*, 190 id. 99, 106; *Matter of Crawford*, 113 id. 560, 568; *Matter of Willets*, 112 id. 289; *Matter of Hunt*, 121 App. Div. 96; *Matter of Martin*, 124 id. 793; *Matter of Blun*, 176 id. 189, 190.)

At this point, however, an additional circumstance intrudes itself into the consideration. Pursuant to the express directions of the will, certain portions of what would otherwise have been parts of the several trust principals were payable to the several *cestuis que trustent* upon the occurrence of specified events, namely, upon their attaining specified ages and, in certain instances, upon their marriage. As hereinbefore noted, certain of these events had transpired prior to the death of the testator, with the result that, as to the sums which these beneficiaries were entitled to receive, the intention of the testator is obvious that they should be paid over outright to the several beneficiaries immediately upon his death. As to these sums, therefore, it is obvious that if they were actually paid over to the trustees, the obligations of the latter in respect thereof would be those merely of dry or naked trustees, and that they would be compellable immediately to pay them over to the various specified recipients, and would owe no other duty and possess no other right in respect thereof.

In such a situation it is primary that a so-called trustee acts as a mere conduit for the transmission of the fund, and is consequently entitled to no commissions thereon. In respect, therefore, of the sums which were already due to the several trust beneficiaries at the time of the death of the testator, it must be determined that the trusts failed, and that the fiduciaries are entitled to commissions thereon in a single capacity only.

So far as relates to the sums which became payable to the several beneficiaries by reason of the occurrence of limiting events after the death of the testator, the court is in accord with the contention of the majority of the trustees. In legal contemplation the trusts are deemed to have come into existence immediately upon the

death of the testator, despite the fact that the exact quantum of their avails may not be determinable until after prior charges against the estate have been paid, wherefore the fact that segregation of the principal amounts of the several trusts had not been accomplished prior to the occurrence of the limiting events is wholly immaterial in an evaluation of the rights of the trustees in respect thereof.

The court accordingly determines that the fiduciaries are entitled to commissions as follows: In an executorial capacity, half commissions upon all sums received, and like half commissions on all sums expended, and, in a trust capacity, at half rates upon the entire principal of the trust for the widow, the son Martin, and the daughter Hilda. In respect of the trust for Esther, they are not entitled to commissions in a trust capacity upon the ten per cent of the amount of the trust payable to her on marriage, or the fifteen per cent payable to her on attaining the age of twenty-five, but are so entitled upon the balance, and the same holds true in respect of the principal sums in the trusts for Beatrice and Clara.

Enter decree on notice in conformity herewith.